IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERGIO DIAZ,

                                                                                            OPINION and ORDER

                      Petitioner,

                                                                                               10-cv-218-slc[1]

          v.

CAROL HOLINKA,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, petitioner Sergio Diaz contends that the Bureau of Prisons incorrectly denied sentence credits for time he served between July 27, 2003 and April 14, 2004, after he was arrested on state charges that were dropped and before he was sentenced for his federal conviction. Petitioner has paid the $5 filing fee.

        Because petitioner has failed to make a sufficient showing that he is in custody in violation of federal law, I will not yet require respondent Carol Holinka to file a response. Instead, I will give petitioner until July 23, 2010 in which to submit additional material

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

supporting his position that the state parole authorities did not credit him for time he served from July 27, 2003 until April 14, 2004.

The following allegations of fact are drawn from the petition and the documents attached to it.

ALLEGATIONS OF FACT

On July 27, 2003, the Chicago police arrested petitioner on state law criminal charges. Those charges were later dropped. Plaintiff was then charged in federal court for possession of a firearm by a felon, a violation of 18 U.S.C. 922(g)(1). In a description of petitioner's "release status" in the presentence investigation report, petitioner was described as having been "held in the Illinois Department of Corrections on a parole violation, until the time he was transferred to the Bureau of Prisons on November 5, 2003. The defendant has been detained at the Kankakee County Jail, located in Kankakee, Illinois, since that date."

On September 23, 2005, petitioner was sentenced to a 106-month term of imprisonment on his federal charge. In what appears to be the sentencing transcript, the sentencing judge for his federal conviction stated that "it is my opinion that he should get credit for" his incarceration since July 2003 and "recommend[ed] . . . that the Bureau of Prisons credit Mr. Diaz for the time he has served since his arrest for the conduct in this case; namely, since his arrest on July 27th of 2003." At the same time, the judge

acknowledged that there was "no way for [her] to" run the sentence concurrently with any state sentence because Diaz was not sentenced for his behavior in state court (those charges had been dropped).

On November 30, 2005, after petitioner had been sentenced on his federal charges, state parole authorities determined that petitioner violated his state parole. He was sentenced by the State of Illinois and "transferred to the Dep[artment] of Corrections."

(Petitioner does not describe how the bureau calculated his sentence credit, including exactly what sentence credit he was denied. The exhaustion materials he submits provide the bureau's position, which is that petitioner's sentence computation was calculated beginning November 30, 2005 because this is when he was discharged from his state parole violation term. Before this, although he was taken into the bureau's custody, he was merely "borrowed" for prosecution on a federal writ. According to the bureau, the parole authorities gave petitioner credit toward his parole violation for the time he served from July 27, 2003 until April 14, 2004 and immediately discharged him and turned him over to the United States Marshal for service of his federal term. The bureau then gave petitioner credit from April 15, 2004 until November 30, 2005, when he was discharged from state custody.)

DISCUSSION

Petitioner's challenge relates to whether he should receive credit toward his federal

3

sentence for time he served before his federal sentence started. Under 18 U.S.C. § 3585(b), the Bureau of Prisons must give credit to a prisoner "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

Petitioner's primary argument is that he is entitled to credit for the time he served after his arrest on July 27, 2003 because his federal sentence was ordered to run concurrently with any state parole violation. There are a number of problems with this argument. First, petitioner is simply mistaken to think his sentence was ordered to run concurrently with any other sentence. The transcript he cites shows that the judge did not order a concurrent sentence because "there is nothing to run concurrent." The timing of petitioner's sentences confirms the judge's position: petitioner received his only state sentence (related to the parole violation) only *after* he was sentenced on his federal charges. Under 18 U.S.C. § 3584(a), it is automatic that a federal sentence does not run concurrently with state sentences imposed subsequently. Romandine v. United States, 206 F.3d 731, 737-38 (7th Cir. 2000) (under § 3584, "[a] judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose; thus the sentence is automatically consecutive.").

More important, however, even if the judge could have ordered a concurrent sentence, that determination would have no bearing on sentence credits. If anything, it could affect

4

the calculation of the commencement of a sentence, but by no means can a sentence "commence" under § 3585 until a prisoner is sentenced. 18 U.S.C. § 3585(a) (sentence "commences" on date prisoner received into custody or arrives voluntarily to begin service of sentence). This case is about sentence credits for time petitioner served *before* he was sentenced and his sentence "commenced," from July 27, 2003 to April 14, 2004. Thus, whether the sentence is concurrent or not is irrelevant.

This leads to the next point: the judge's recommendation that the Bureau of Prisons credit petitioner for the time served since July 27, 2003 is also irrelevant. The question under § 3585 is whether the time served has already "been credited against another sentence," not whether a judge would like it deemed so. At any rate, the Bureau of Prisons would not be bound by such recommendations. As I explained in Fisher v. Holinka, 2008 WL 4330560, at *5 (W.D. Wis. Mar. 24, 2008), "[i]t is the executive branch of the government that is responsible for the custody of offenders," not the courts. Cf. Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999) (explaining that under prior statutory scheme, federal court's determination as to concurrent effect of federal sentence was not binding because it was "a recommendation to the Attorney General that need not be heeded).

Petitioner has a separate argument that would support receiving credit starting November 5, 2003, but not one that helps. Petitioner says he was transferred to the Bureau

5

of Prisons on November 5, 2003 to be prosecuted on his federal charge and was thus "in [federal] custody" starting on that date. This, too, is irrelevant. It would not mean he "commenced" his sentence then because he was not sentenced until September 2005. Moreover, the fact that he may have been in federal custody instead of state custody as of that date does not affect his eligibility for credit under § 3585(b). Regardless whether time is spent in state or federal custody, it need be credited only if it "has not been credited against another sentence."

Thus, the only question in this case is whether the time petitioner served from July 27, 2003 to April 14, 2004 was "credited against another sentence." Petitioner contends that it was not because his state charge was dismissed. However, although the state charge was dropped, petitioner's July 27, 2003 arrest was not without criminal consequences under state law because petitioner was found to have violated his state parole in relation to his July 27, 2003 arrest. According to the bureau, the Illinois Department of Correctional parole authorities credited petitioner for the time in question in November 2005 when they sentenced him for his parole violation.

Petitioner suggests that any credit he received in November 2005 should not affect the calculation of credits toward his federal sentence because his federal sentence credits should have been calculated *earlier,* in September 2005, when he was sentenced on the federal conviction  However, most likely, the bureau could not have calculated petitioner's

6

credit before November 2005 because petitioner was still in state custody until he was discharged in November. Credits on a sentence cannot be calculated until the sentence "commences," which is the date the prisoner comes into federal "custody." 18 U.S.C. § 3585. As I pointed out in Fisher, 2008 WL 4330560, at * 5 (citations omitted), a prisoner arrested by state authorities comes into federal "custody" only after the state *expressly* relinquishes their jurisdiction over him. There is no evidence to support a conclusion that the State of Illinois relinquished its jurisdiction over petitioner before November 2005 and it is unlikely the state would have "given up" a prisoner before sentencing him on a pending parole violation. In this case, that occurred in November 2005.

More important, however, § 3585's requirement that credit be given for time not already credited does not govern the timing of the bureau's calculation of those credits. The exception for time credited to another sentence is aimed at allowing the bureau to prevent double-counting; it does not matter when the bureau does its calculations, only that it makes sure to credit all time that "has not been credited" when the calculation is performed. (Obviously, the bureau has other reasons to perform calculations shortly after a prisoner's arrival, such as making sure prisoners in short sentences are not overstaying their sentences.) Therefore, even if the bureau could have performed its calculation immediately after sentencing in September 2005, it was not required to disregard any credits given before it did perform its calculation in November 2005.

7

These conclusions back petitioner into a corner. If the state parole authorities credited petitioner for the time he served from July 27, 2003 to April 14, 2004, the bureau calculated petitioner's sentence credits correctly and the § 2241 petition must be denied. From the bureau's statement on this matter, this result seems likely. Petitioner challenges the bureau's determination because the bureau relied on an "uncertified" copy. However, this fact alone does not help petitioner: to receive the relief he seeks from this court. He needs to show that he was *not* credited for the time he served from July 27, 2003 until April 14, 2004, not that the bureau acted without solid evidence.

Nonetheless, petitioner should be given an opportunity to supplement the record with a "certified" copy of the parole authorities' determination, or any other evidence that would support a finding that the parole authorities did *not* credit him for time he served from July 27, 2003 until April 14, 2004. He may have until July 23, 2010 in which to do so. His supplement should describe any documentation he provides and explain how he received the documents. It should also be declared under penalty of perjury, as was his original form petition. (He may want to use the language of the declaration provided in his form petition when drafting his supplement.)

ORDER

IT IS ORDERED that a decision on petitioner Sergio Diaz's petition for a writ of

8

habeas corpus under § 2241 is STAYED. Petitioner may have until July 23, 2010 in which to provide the court with a supplement supporting a finding that the state parole authorities did not credit petitioner for time he served from July 27, 2003 until April 14, 2004. If, by July 23, 2010, petitioner has not filed a supplement as directed, his petition will be denied.

Entered this 10th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge