IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERGIO DIAZ,

                                                                                                 OPINION and ORDER

                       Petitioner,

                                                                                                    10-cv-218-slc[1]

       v.

CAROL HOLINKA,

                     Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that the Bureau of Prisons incorrectly denied sentence credits for time he served between July 27, 2003 and April 14, 2004. In an order entered June 10, 2010, I told petitioner that before respondent would be required to respond in this case, he would have to provide more information. As I explained, his case boiled down to a single question: did state parole authorities credit petitioner for the time he served from July 27, 2003 to April 14, 2004? According the materials petitioner submitted, the Bureau concluded that the state did, but petitioner says it did so in reliance on an "uncertified" document and

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

suggested that the true record would show otherwise. Thus, I gave plaintiff an opportunity to "supplement the record with a "certified" copy of the parole authorities' determination, or any other evidence that would support a finding that the parole authorities did *not* credit him for time he served from July 27, 2003 until April 14, 2004." Order, Dkt. #2, at 8.

Petitioner has responded in two ways. First, petitioner rehashes arguments he raised in his original petition that did not work then, including his contentions that he should not be serving time for matters related to a crime that was dismissed, that the federal government should not have delayed taking him into custody and sentencing him and that the sentencing judge's recommendation conflicts with the Bureau's approach. As explained in the previous order, none of these things matter. There is no need to repeat that discussion.

Next, petitioner asserts that he cannot obtain the proper documentation from the State of Illinois because he has received "no reply" despite writing "several requests" for the documentation. Petitioner asks this court to issue a subpoena to the Illinois Department of Corrections and the Illinois Board of Parole or in the alternative to transfer the case to the United States District Court for the Northern District of Illinois, where his sentencing judge is.

As for petitioner's motion to transfer, that motion will be denied. He cannot seek transfer simply to obtain the judge he wants. Although petitioner adds that his "witnesses"

reside in that district, he is referring to individuals who are aware of what the sentencing judge did, which is not necessarily relevant to what the Bureau did in assigning or withholding credit.

Petitioner's inability to receive records might not matter if it were not for the fact that he does not identify any basis for his suggestion that he has not already received credit for the time in question. Petitioner was given a chance to come back with evidence that he did not receive any credit for the time in question because his assertions suggested as much. However, petitioner's response shows that he has no basis for believing he did not receive the credit. He does not mention any reason why he might think he was not given credit for the time in question. What petitioner asks is for the court to help him fish around for documents that may or may not help him. That is not appropriate. If petitioner has no reason for thinking there was no credit given, he has no basis pursuing this petition now that his other theories have been rejected. Fed. R. Civ. P. 11 (requiring parties to perform reasonable inquiry and determine that any factual contentions being asserted "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

Because I have rejected all of petitioner's theories for receiving sentence credit for the time in question and petitioner has failed to identify any basis for thinking that he has not been credited for that time, I will deny the petition for a writ of habeas corpus.

ORDER

IT IS ORDERED that

1. Petitioner Sergio Diaz's motion to transfer the case, dkt. #4, is DENIED.

2. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner is DENIED for his failure to show that he is in custody in violation of the Constitution or the laws of the United States and this case is DISMISSED.

Entered this 30th day of July, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge