IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERGIO DIAZ,

                                                                 OPINION and ORDER

                Petitioner,

                                                                   10-cv-218-bbc

     v.

CAROL HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered July 30, 2010, I denied petitioner Sergio Diaz's petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 after concluding that he failed to show he was in custody in violation of federal law. Petitioner was seeking sentence credit for time he served in jail on state charges that were ultimately dismissed, but as I explained, petitioner had already received credit for that time from state parole authorities, so the bureau was not required to give him credit for that time. Judgment was entered on August 2, 2010. Now before the court is petitioner's motion to alter or amend the judgment for reconsideration under Fed. R. Civ. P. 59. (Petitioner calls it a "motion for rehearing" but he challenges the denial of his petition.) That motion will be denied.

       Petitioner contends that it was error to deny his petition because "the Court

1

overlooked program statement 5160.5 and Barden [v. Keohane, 921 F.2d 476, 481-83 (3d Cir. 1990)] and Reynolds [v. Thomas, 603 F.3d 1144, 1151-52 (9th Cir. 2010)]," which petitioner says show that the bureau violated petitioner's due process rights by failing to accept the sentencing judge's recommendation that the sentence be concurrent. This theory is new. Before this motion, petitioner never mentioned program statement 5160.05 or suggested that the bureau failed to follow their policies. Petitioner cannot come up with new theories after his case has been resolved and expect the court to consider them. The purpose of a Rule 59 motion to reconsider is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000).

Even if it were appropriate to consider petitioner's new theory at this stage, it would not persuade me to alter or amend the judgment. Petitioner does not identify anything in particular about program statement 5160.05 or Barden or Reynolds that supports his position and I see nothing in the policy and cases that would do so. Petitioner believes that the bureau had to retroactively ("nunc pro tunc") designate the jail as an institution in which he was serving federal time, but program statement 5160.05 does not require the bureau to designate a state institution just because a federal judge says that a particular sentence should run concurrently with any state sentence. What it says is that "*Normally*, designating a non-federal institution for the inmate is done when it is consistent with the federal

2

sentencing court's intent."  Program Statement 5160.05, at 4 (emphasis added).  This means that the bureau has discretion to refuse to follow the sentencing court's intent. At any rate, as I explained in a previous order, the sentencing court's intent is not really in play in this case because petitioner had no state sentence to run concurrently with the federal one at the time he was sentenced.

Barden and Reynolds are no more helpful.  Reynolds, 603 F.3d at 1151, states that the bureau has the authority to "decline to make a nunc pro tunc designation of a state prison notwithstanding a state court's contrary order." Barden, 921 F.2d at 481-83, simply established that the bureau has discretion to designate a state prison as a place of federal confinement nunc pro tunc and should exercise that discretion.  (The bureau mistakenly believed it did not have discretion.  Id. at 479.)

Next, petitioner argues that it was error to make him prove that the state parole board had not already given him credit instead of requiring respondent to prove that point. Although the petitioner bears the ultimate burden of proof in a habeas case such as this one, in some instances it is appropriate to require the respondent to show cause why a petition should not be granted.  In particular, if it appears that a petitioner may be able to prevail on his petition, the court would require a respondent to assert any defense she may have, including any argument that credits were not given because time was credited elsewhere. However, in this case, petitioner raised respondent's defense to knock it down, submitting

3

a statement from the bureau that he had already received credit and arguing that the bureau had relied on an "uncertified" copy of state parole materials to support that conclusion.

Thus, petitioner's own arguments reduced the issue to whether the parole board had truly given the credits, but petitioner had no evidence to support his claim that it had not. Because the issue came down to whether the board had given the credits and no evidence supported the conclusion that it had not, the petition alone did not show that petitioner could prevail. Therefore, he was required to supplement the petition to include the missing evidence. It was not error to require petitioner to show that he had something more than speculation to support his notion that he was entitled to sentence credit under the circumstances.

Petitioner now admits that he did not have anything but speculation to support his contentions. He refuses to accept the bureau's reliance on the "uncertified" document and demands that the bureau go fishing for a certified one because his own efforts have been unsuccessful. However, to this date, he has given no reason to think the credit was not truly given; he simply seeks a victory on a technicality (use of an "uncertified copy"). In conclusion, I am not persuaded that it was error to deny the petition for a writ of habeas corpus and will therefore deny petitioner's motion to alter or amend the judgment.

ORDER

IT IS ORDERED that petitioner Sergio Diaz's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), dkt. #7, is DENIED.

Entered this 13th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge